UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James P. Brickman,

        Plaintiff,                      Case No. 2:21-cv-3822

    v.                                 Judge Michael H. Watson

Maximus, Inc., *et al.*,            Magistrate Judge Jolson

        Defendants.

## OPINION AND ORDER

In response to the Court's prior Order considering the motion to dismiss, ECF No. 36, James P. Brickman ("Plaintiff") and Maximus, Inc. and Maximus US Services, Inc. ("Defendants") filed supplemental briefs on the applicability of the economic loss rule to Plaintiff's negligence claim. ECF Nos. 37, 39, & 40. For the following reasons, the economic loss rule bars Plaintiff's negligence claim.

### I.    BACKGROUND

The Court previously described the factual background of this case as follows:

> Plaintiff is a Certified Registered Nurse Anesthetist and has credentials through the State of Ohio, Medicaid, and the Drug Enforcement Administration ("DEA"). Amend. Compl. ¶¶ 16–18, ECF No. 18. In 2019, the State of Ohio entered into a contract with Defendants under which Defendants would collect and process data of Ohio Medicaid providers, including Plaintiff. *Id.* ¶¶ 20, 35. Two years later, Defendants informed Plaintiff of a data breach in which his name, birth date, Social Security number, and DEA number were compromised. *Id.* ¶ 21.

> Plaintiff alleges that Defendants failed to implement adequate security measures for its data systems, which ultimately led to the data breach. *See, e.g., id.* ¶ 57. He further alleges that he has experienced several injuries from the breach, including increased risk of identity theft, the need to monitor his credit, and a loss of value of his personal identifiable information ("PII"). *Id.* ¶¶ 86–106.

Order 1–2, ECF No. 36.

Among other claims, Plaintiff asserts a common law negligence claim. Amend. Compl. ¶¶ 138–57, ECF No. 18. When ruling on Defendants' motion to dismiss, the Court noted that Plaintiff alleges only economic damages and, therefore, the "economic loss rule likely bars" Plaintiff's negligence claim. Order 15–16, ECF No. 36; *see also* Amend. Compl. ¶ 157, ECF No. 18. However, because the parties did not formally brief the applicability of the economic loss rule, or the relevance of any exception to the rule, the Court reserved ruling on the claim and directed the parties to submit supplemental briefs. Order 15–16, ECF No. 36.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion to dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. ANALYSIS

Before turning to the application of the economic loss rule, the Court must first decide which state's laws apply to the claim.

### A. Which Body of Law Applies?

The parties disagree about which body of law applies to the economic loss rule inquiry. Defendant argues that Florida law should apply, *see* Brief 2–3, ECF No. 37, and Plaintiff asserts that Ohio law applies, *see* Resp. 4–5, ECF No. 39.

The Court has already determined that Ohio law applies to Plaintiff's negligence claim. *See* Order 12–15, ECF No. 36. "Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Hayden v. Rhode Island*, 13 F.

App'x 301, 302 (6th Cir. 2001) (internal citation omitted). Thus, once an issue is decided, it "should be reopened only in extraordinary circumstances." *Id.* (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, (1988).

Here, the Court sees no "extraordinary circumstances" that would warrant re-opening the choice-of-law issue. Accordingly, as previously decided, Ohio law applies to Plaintiff's negligence claim, including whether that claim is barred by the economic loss rule.

**B.     Does the Economic Loss Rule Bar Plaintiff's Negligence Claim?**

Under Ohio law, "[t]he economic-loss rule generally prevents recovery in tort of damages for purely economic loss." *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 569 (6th Cir. 2006) (quoting *Corporex Dev. & Const. Mgmt., Inc. v. Shook, Inc.*, 835 N.E. 2d 701, 704 (Ohio 2005)). The rule applies to tort claims where the economic loss is "unaccompanied by personal injury or property damage." *Id.* (citing *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E. 2d 624, 629–30 (Ohio 1989)). As this Court has explained: "The economic loss doctrine holds that absent tangible physical harm to persons or tangible things there is generally no duty to exercise reasonable care to avoid economic losses to others . . . . These economic losses may be recovered in contract only." *Long v. Time Ins. Co.*, 572 F. Supp. 2d 907, 911 (S.D. Ohio 2008) (internal quotation marks and citations omitted).

Here, the economic loss rule applies. Except for a conclusory allegation of "non-economic harm," Plaintiff alleges only economic damages in connection

with his negligence claim. *See* Amend. Compl. ¶ 157, ECF No. 18. Thus, the alleged economic damages and, by extension, the negligence claim fall squarely within the scope of the economic loss rule and are barred.

Plaintiff's arguments to the contrary are unpersuasive. First, Plaintiff argues that the economic loss rule applies only when the parties are in privity of contract. Resp. 5–10, ECF No. 39. Plaintiff is incorrect; privity is not a prerequisite to the application of the economic loss rule.

The Supreme Court of Ohio previously allowed parties lacking privity to recover purely economic damages in tort actions. *See Chemtrol Adhesives, Inc*, 537 N.E.2d at 633–35 (discussing prior cases). However, as the Sixth Circuit has explained, the Supreme Court of Ohio has "implied there [is] considerable doubt whether those decisions would be reaffirmed in a future case." *HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1029 (6th Cir. 2003). Since *HDM Flugservice* and *Chemtrol Adhesives*, the Sixth Circuit and courts within this Circuit have repeatedly explained the economic loss rule as follows: "Ohio law prevents the recovery of purely economic losses in a negligence action [ ] where there is no privity or a sufficient nexus that could serve as a substitute for privity. . . ." *Pavlovich*, 435 F.3d at 569 (cleaned up); *see also JBlanco Enterprises Soprema Roofing & Waterproofing, Inc. Barlovento, LLC v. Great Am. Ins. Grp.*, No. 1:13-CV-2831, 2016 WL 6600423, at *14 (N.D. Ohio Nov. 8, 2016) (same). Ohio courts have similarly described the economic loss rule as not requiring privity. *See, e.g., Floor Craft Floor Covering, Inc. v. Parma Cmty.*

*Gen. Hosp. Ass'n*, 560 N.E.2d 206, 212 (Ohio 1990) ("[I]n the absence of privity of contract no cause of action exists in tort to recover economic damages . . . ."); *Breazeale v. Infrastructure & Dev. Eng'g, Inc.*, --- N.E. 3d ---, 2022 WL 17830622, at *1 (Ohio Ct. App. Dec. 21, 2022) ("In the absence of privity of contract between two disputing parties the general rule is there is no duty to exercise reasonable care to avoid intangible economic loss or losses to others that do not arise from tangible physical harm to persons and tangible things." (cleaned up)). Accordingly, the parties' lack of privity does not prevent the application of the economic loss rule.

Plaintiff also argues that, because the Court has already decided that Plaintiff is not a third-party beneficiary to the contract between the State of Ohio and Defendant, Defendant did not owe Plaintiff a contractual duty and, therefore, the duty Defendant owed Plaintiff must have been a non-contractual duty. Resp. 5–10, ECF No. 39. Accordingly, Plaintiff argues, because Defendant owed Plaintiff a non-contractual duty, the economic loss rule does not apply. *Id*.

Plaintiff is at least somewhat correct: where a tort claim is based on an independent, non-contractual duty, the economic loss rule may not be applicable. *See Babcock & Wilcox Power Generation Grp., Inc. v. R.T. Patterson Co., Inc.*, No. 5:13-CV-2071, 2015 WL 631189, at *4 (N.D. Ohio Feb. 12, 2015) ("The existence of a contract action generally excludes the opportunity to present the same case as a tort claim, unless the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no

...

contract existed." (cleaned up)).  Plaintiff's argument, however, slightly misstates the rule.  The rule does not focus on the contractual relationship, if any, between the parties.  Instead, it focuses on how the defendant's duty is created.  That is, if the underlying duty is created by a contract, the economic loss rule applies whether or not the plaintiff is a party to the contract.  *See Corporex*, 835 N.E.2d at 705 ("Because the underlying duties are created by a contract to which [the plaintiff] is not a party, no tort action lies in [the plaintiff's] favor.").

For example, in *Corporex*, the plaintiff contracted with a contractor to build a hotel.  *Id*. at 703.  The contractor then contracted with a subcontractor for all concrete work for the hotel.  *Id*.  Subsequently, the plaintiff and the contractor sued the subcontractor for, *inter alia*, negligence, seeking only economic damages.  *Id*.  The Supreme Court of Ohio explained that the subcontractor's duties were created by the contract between the subcontractor and contractor—a contract to which the plaintiff was not a party.  *Id*. at 705.  Because the subcontractor's duties came from a contract, the plaintiff could not sue in tort for purely economic damages.  *Id*.

So too, here.  Any duties Defendant had arose out of Defendant's contract with the State of Ohio: absent the contract between Defendant and the State of Ohio, Defendant would have no obligation to store or safeguard Plaintiff's data.  Thus, Defendant did not owe Plaintiff an independent duty in tort, and Plaintiff cannot recover purely economic damages in tort.  *See Ineos USA L.L.C. v. Furmanite Am., Inc.*, No. 1-14-06, 2014 WL 5803042, at *5 (Ohio Ct. App. Nov.

10, 2014) ("Where a plaintiff has suffered only economic harm as a result of a defendant's breach of duty, the economic loss rule will bar the tort claim if the duty only arose by contract." (cleaned up)).

## IV.   CONCLUSION

For these reasons, the economic loss rule bars Plaintiff's negligence claim, and that claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**